[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING PLAINTIFF'S APPLICATION TO THE COURT TO APPLY FOR PASSPORTS FOR THE MINOR CHILDREN CODED #435 AND THE DEFENDANT'S OBJECTIONS CODED #439 AND #445
The memorandum of decision filed by this court stated in part as follows:
"E. Miscellaneous Custody and Visitation Order
 1. Neither party shall remove any of the children from the State of Connecticut for a period in excess of seven consecutive days without the prior approval of the court.
 2. Neither party is to apply for or allow anyone else to apply for any passport for any of the three children without prior approval of the court."
The plaintiff now seeks to have permission to allow the children to go to England with their maternal grandparents for a period of 9 days.
The court finds that for this motion only there has been a material change in circumstances in that the maternal grandmother has health problems which could result in her having a limited time to visit with the grandchildren and take them on a trip, to England. While the court on the one hand finds that it is in the best interest of the children for this one-time opportunity to see England with the maternal grandparents, the court on the other hand understands the concerns the defendant regarding the return of the children from England. The court therefore enters the following orders:
 ORDERS:
1. The existing miscellaneous order referred to above is modified only for the period from the date this decision is filed CT Page 11882 until August 1, 2000, so as to allow each child to be removed from the State of Connecticut to go to England one at a time with the plaintiff and the maternal grandparents.
2. The plaintiff is to be with each child on the flight to England and on the flight back from England.
3. None of the children may miss any time from school for the trip to England.
4. The defendant is ordered to apply for and obtain the passports for each of the three children immediately after the plaintiff has paid to the defendant the cost for the three passports. He is to release one passport at a time for one child at a time to go to England and after that child has been returned from England and the passport for that child has been returned to the defendant, he is then to release the second passport for a child to go to England and after that child has been returned from England and the passport for that child has been returned to the defendant, he is then to release the third passport for a child to go to England. The plaintiff is to return each passport to the defendant within 7 days after each child returns from England. The plaintiff is to be with each child during the time each child is in England. After each child returns from England the defendant is to turn each child's passport over to the guardian-ad-litem for the children, who is to hold each passport pending further orders of court. The plaintiff is to notify the defendant in writing and as well as counsel for the children as well as the guardian-ad-litem for the children at least 30 days prior to the departure date of each child for England as to what the departure date is and what the return date is as well as the name of the airline and the flight schedule. Not less than 14 days prior to the departure date for each child, the defendant is turn to the passport over to the plaintiff for the child who is to depart for England. The plaintiffs visitation for the two children who are not in England is to be suspended during the period of time that one child is in England. This modification of the original order is intended to apply until August 1, 2000 and is limited to that period only. During the time the children are in England, each child is to reside at the Stone Cottage in Ludlow, England except for one day for a trip to London.
5. The sequence of the children going to England is to be as followed:
a. The first child to go is Kenneth Lane. CT Page 11883
b. The second child to go is Brandon Lane.
c. The third child to go is Courtney Lane.
 During the time a child is permitted to be in England in accordance with this order, the existing order that "the plaintiff shall not initiate any medical, therapy, or educational care for the children without the prior written consent of the defendant except in the case of an emergency" is modified so as to allow the plaintiff to initiate medical care for such child while in England without the prior written consent of the defendant.
6. Whenever any of the children are in England on a Saturday, the plaintiff is to place a phone call at her expense to defendant's residence to allow that child to talk to the defendant for a period of not less than 5 minutes. The phone call is to be made at 10:00 a.m. Connecticut time.
Axelrod, J.